IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REBECCA J HARDMAN, )
)
        Plaintiff, )
)
 -vs- ) Civil Action No. 16-381
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income ("SSI") and disability insurance benefits ("BID") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since November 30, 2009. (ECF No. 8-6, pp. 9, 11). Administrative Law Judge ("ALJ"), Geoffrey S. Casher, held a hearing on November 20, 2013 and again on March 14, 2014. (ECF No. 5-2, pp. 36-72). On May 9, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 11-24).

---

1 Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

2

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Weighing of Opinion Evidence</u>

Plaintiff asserts that the ALJ erred in weighing the medical opinion evidence. (ECF No. 13). First, Plaintiff argues that the ALJ failed to place the appropriate weight on the mental health opinions of her treating psychiatrist and the consulting psychological examiner. (ECF No. 13, pp. 12-15). Plaintiff also submits that the ALJ erred in rejecting the opinion of the physical medical examiner. (ECF No. 13, p. 15). As a result, Plaintiff submits that the case should be reversed or remanded. *Id.*

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more

3

weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

With regard to the opinion evidence related to Plaintiff's mental limitations, Plaintiff first argues that the ALJ erred in discounting the opinion of Dr. Carosso, the psychological consultative examiner. The ALJ gave Dr. Carosso's opinion little weight because it was not

4

consistent with his own objective findings and his assessed GAF score and his conclusion that Plaintiff "can sustain attention and perform simple and repetitive tasks; understand, retain and follow instructions; and manage her finances."  (ECF No. 8-2, p. 21).  He also found Dr. Carosso's opinions were inconsistent with other evidence of record, including other opinion evidence.  (ECF No. 8-2, pp. 11-22).  These are valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).[2]  Based on the same, I am able to conduct a proper and meaningful review.  I find the reasons given by the ALJ in weighing Dr. Carosso's opinion were sufficiently explained and supported by substantial evidence of record.  (ECF No. 8-2, pp.  11-22).  Therefore, I find the ALJ did not err in this regard.  Consequently, reversal is not warranted on this basis.

Next, Plaintiff submits that the ALJ erred in rejecting the GAF[3] score of 50 assigned by her treating psychiatrist, Dr. Orr.  (ECF No. 13, pp. 14-15).  Plaintiff suggests that the ALJ erred by merely looking at the GAF score without performing a further "in depth analysis of the underlying psychiatric records."  *Id.*  After a review of the record, I disagree.  The ALJ appropriately considered the multiple GAF scores in evidence and weighed against the other evidence of record.  (ECF No. 8-2, p. 21).  Furthermore, contrary to Plaintiff's assertion, the ALJ sufficiently

---

[2]Plaintiff seems to support her argument by suggesting that Dr. Carosso's opinion is consistent with other medical evidence.  (ECF No. 13, pp. 12-15)  To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Thus, this support for Plaintiff's argument is misplaced.

[3]GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* The GAF ratings range from 1 to 100. GAF scores are arrived at by a clinician based on his or her assessment of a patient's self-reporting.   American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000).   GAF scores do not have a direct correlation to the disability requirements and standards of the Act.   *See*, 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, the American Psychiatric Association no longer endorses the GAF scale as a measurement tool.   *See,* Diagnostic and Statistical Manual of Mental Disorders (DMS-V) (5th ed. 2013)*.*   Nonetheless, GAF scores are still medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled and must be considered as such.

addressed his rationale for crediting certain GAF scores over others. *Id.* Specifically, the ALJ found that "those scores in the mid to upper 50s…are more consistent with the objective findings of record including largely normal orientation, presentation, speech, expression, and thought process and the claimant's conservative treatment." *Id.* These are valid and appropriate reasons for weighing evidence. Consequently, I find no error in this regard.

Finally, Plaintiff argues that the ALJ erred in rejecting physical opinion evidence of Dr. Ahmed. (ECF No. 13, p. 15). Basically, Plaintiff suggests that the ALJ substituted his own opinion over the opinion of Dr. Ahmed. *Id.* After a review of the record, I disagree. Contrary to Plaintiff's assertion, the ALJ specifically considered the consulting opinion of Dr. Ahmed and gave it "limited weight" because it was internally inconsistent, inconsistent with other evidence of record (including other opinion evidence) and was based on plaintiff's subjective complaints of pain. (ECF No. 8-2, pp. 11-22). These are valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Based on the same, I am able to conduct a proper and meaningful review. I find the reasons given by the ALJ in weighing Dr. Ahmed's opinion were sufficiently explained and supported by substantial evidence of record. (ECF No. 8-2, pp. 11-22). Therefore, I find the ALJ did not err in this regard. Consequently, reversal is not warranted on this basis either.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REBECCA J HARDMAN, )
)
        Plaintiff, )
)
  -vs- )   Civil Action No.  16-381
)
NANCY A. BERRYHILL,[4] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 28th day of March, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is denied and Defendant's Motion for Summary Judgment (ECF No. 14) is granted.

                                  BY THE COURT:

                                  s/   Donetta W. Ambrose
                                  Donetta W. Ambrose
                                  United States Senior District Judge

---

4 Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.